Carrol S. Walsh, J.
This is a motion by plaintiff for summary judgment in an action to recover the price of automotive products purchased at various service stations selling plaintiff’s product by one Lee Kennedy, by use of a credit card issued to defendant. The charges cover the period from March, 1965 through June, 1966.
It appears that plaintiff issued a credit card (actually in triplicate) to defendant corporation sometime after defendant’s application for same on August 1, 1961. The application was signed by Lee Kennedy as secretary and Phillip Kennedy as president of the defendant corporation. The credit cards carry the following material terms: “ Named holder agrees to pay for all purchases made by any bearer of this card until Mobil has received written notice of loss or theft of the card.”
*315 The complaint merely sets forth that plaintiff at the instance and request of defendant at various times from March, 1965 to December, 1965 sold to defendant goods, wares and merchandise of the agreed and reasonable value of $240.90, said sales being made pursuant to credit card No. 8332110025 issued to defendant, and subject to the conditions contained thereon and on the application therefor, no part of which has been paid, and for which amount plaintiff seeks judgment.
The answer denies the allegations of the complaint and sets up as an affirmative defense that at the times alleged in the complaint the plaintiff was advised by defendant that the credit card in question was in the possession of a person unauthorized to use the same and that therefore the granting of credit to such unauthorized person by plaintiff was in violation of the agreement between plaintiff and defendant.
Plaintiff contends in its moving papers that since the card was not reported stolen or lost by defendant, the latter remains liable for the alleged unauthorized purchases.
Defendant contends, however, that Lee Kennedy was not associated with defendant corporation in 1965, and that the defendant notified plaintiff, in writing, on several occasions that Lee Kennedy was no longer authorized to use the credit card issued to defendant by plaintiff.
The only question to be decided here is whether a triable issue of fact is present in this case.
The credit card was applied for and issued to defendant corporation. True, the application was signed in behalf of the corporation by Lee Kennedy as secretary and Phillip Kennedy as president thereof, but the credit card was not issued to either one of them in their respective individual capacity, nor would either have any legal right, as between them and defendant, to make purchases by use of the card for their personal use. Until some written notification was received by the plaintiff, however, that the card was lost or stolen, the plaintiff could legally hold defendant liable for purchases made by use of the card even though made by a thief or any other unauthorized person.
Section 513 of the General Business Law provides that any person who obtains property or services by use of a credit card, knowing that he is not the person to whom the credit card was issued or that he is not authorized to use it, shall be guilty of larceny.
It thus becomes a question of fact whether or not Lee Kennedy was authorized to use the credit card. If not, she could be held liable for larceny. If she is so held, the defendant’s credit card in her possession would constitute a stolen credit card. *316 Then it is a question of fact whether plaintiff was given the written notification, or put upon proper notice, by defendant, as defendant alleges it did, that the card was in the hands of an unauthorized person, and in effect had been stolen, which would obligate plaintiff for and exonerate defendant from the charges made by the unauthorized user after notification.
Triable issues of fact appearing, the motion of plaintiff for summary judgment is denied.